02CV1067 mtnxtnd

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

LORI SOUZA
    Plaintiff                 :       Case No.: 3:02CV1067 (RNC)

v.                         :

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.    :     November 13, 2003
    Defendant            :

## PLAINTIFF LORI SOUZA'S MOTION FOR ENLARGEMENT OF TIME IN WHICH TO CONDUCT ORAL DEPOSITIONS AND OBTAIN DISCOVERY

Pursuant to Fed. R. Civ. P. 16(b), Plaintiff Lori Souza, by and through her

attorney Eugene N. Axelrod of the Employment Law Group LLC, hereby respectfully

requests that the Court grant the Plaintiff's Motion for Enlargement of Time of 30 days in

which to conduct the deposition of Andree Budd and to cross-examine the Plaintiff in

deposition, and subpoena documents relating to the termination of the Plaintiff that are

solely in the possession of the Defendant. The Plaintiff requests an Enlargement because:

(i) the Defendant delayed production of requested materials until the final weeks of

discovery, (ii) delayed deposition of the Plaintiff until the end of the discovery period,

(iii) thereby preventing Plaintiff's counsel from conducting cross-examination of the

Plaintiff, (iv) depose a material witness whose necessity only became apparent at this

time, and (v) obtain documents which also became apparent at this time. The Plaintiff

has been diligent conducting five (5) previous depositions while the Defendant has

previously moved for and received a thirty day extension of the discovery deadline from

September 15, 2003 to October 15, 2003. However, now the Defendant objects to the

Plaintiff's motion for an Enlargement of Time.

1

Plaintiff respectfully submits the annexed Memorandum of Law in Support of its

Motion.

Respectfully Submitted,
The Plaintiff
Lori Souza
By: _____
Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge CT 06525
Fed. Bar No. ct 00309
Tel: (203) 389-6526
Fax: (203) 389-2656

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via overnight mail on this 13th day of November to the following counsel of record:

David A. Kulle, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT
06103-3597

_____
Eugene N. Axelrod

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **LORI SOUZA** | : |
| **Plaintiff** | : |
| | : Case No.: 3:02CV1067 (RNC) |
| **v.** | : |
| | : |
| **BOEHRINGER INGELHEIM** | : |
| **PHARMACEUTICALS, INC** | : November 13, 2003 |
| **Defendant** | : |

## PLAINTIFF LORI SOUZA'S MEMORANDUM IN SUPPORT OF MOTION FOR ENLARGEMENT OF TIME IN WHICH TO CONDUCT ORAL DEPOSITIONS AND OBTAIN DISCOVERY

Plaintiff Lori Souza, by and through her attorney Eugene N. Axelrod, Esq. of the

Employment Law Group LLC, hereby submits this Memorandum in Support of the

Plaintiff's Motion for Enlargement of Time in which to Conduct Deposition for the

court's consideration.

## BACKGROUND

This action arises from a multi-count complaint filed by Plaintiff Lori Souza

against Defendant Boehringer Ingelheim Pharmaceuticals, Inc in its capacity as her

former employer.  The complaint alleges violations of Title VII of the Civil Rights Act 42

U.S.C. §2000e et seq. and Connecticut common law claims.

The parties submitted a Fed. R. Civ. P. 26(f) report to the Court on September 27,

2002, in which both parties agreed to a discovery schedule with the date of September 15,

2003 set for completion of all discovery including depositions.  The Plaintiff complied

with the 26(f) report, completing the depositions of five witnesses by the deadline of

September 15, 2003.  In the meantime, the Defendant had approximately 12 months to

conduct depositions and instead failed in their due diligence to follow the discovery

schedule necessitating the need for the Defendant to file an extension of time to complete

discovery.

The Defendant did not depose the Plaintiff until October 1, 2003 and again on

October 8, 2003. During the course of Plaintiff's depositions it became apparent that the

testimony of Andree Budd, a fellow employee in the same department as the Plaintiff

who was privy to Adrienne Fiedler's improper and outrageous conduct toward the

Plaintiff her subordinate and others was a necessary deponent. Ms. Budd's testimony is

expected to corroborate the hostile work environment replete with contempt and abuse

directed toward the Plaintiff by her supervisor, Adrienne Fiedler. Ms. Budd and the

Plaintiff spoke regarding Fiedler's harassment of the Plaintiff. Testimony provided by

Plaintiff's psychiatric expert as well as her treating mental health profession attribute the

conduct of Adrienne Fiedler and the Department Manager Joanne Huckvale as the

proximate reason for Ms. Souza disability. The Plaintiff informed the Defendant that an

extension of the discovery period would be necessary in order to depose Andree Budd

and obtain the records of Plaintiff's complaints to Human Resources concerning Ms.

Fiedler's conduct.

Although the Plaintiff was deposed for two days, the Defendant did not complete

their questioning and accordingly counsel for the Plaintiff was unable to cross-examine

the Plaintiff. Previously, the Plaintiff agreed to conduct oral deposition on October 13,

2003, Columbus Day, in order to proceed with the deposition of the Plaintiff even though

the Plaintiff's law firm was closed that day. However, the Defendant's attorney refused

even though his office was open to staff and personnel on the ground he would be

required to use a different videocamera technician that day and would not proceed even though the Plaintiff had already obtained childcare. Counsel for the Defendant would only consent to October 14th or 15th to conclude the deposition, even though he knew that the Plaintiff was unavailable on those dates and that if the deposition was not taken on those days the Plaintiff would be unable to cross-examine the Plaintiff as is his right. (See attached exhibit A)

Knowing that the deposition could not be completed by the October 15th deadline due to the Defendant's delay, the Plaintiff proposed a thirty-day enlargement of time. The Defendant having previously received an extension in order to depose the Plaintiff, now objects to any enlargement of time to allow the Plaintiff to complete her deposition or her attorney to cross-examine her. (Exhibit B)

In addition to delaying the deposition of the Plaintiff until after the initial discovery deadline, the Defendant waited until the Plaintiff's deposition to produce thirty-eight (38) e-mails purportedly dispositive of the Plaintiff's conduct and relationship with Fiedler while employed by the Defendant. Thus the Defendant waited until the final days in the discovery period to surprise the Plaintiff at her deposition with these e-mails even though the Plaintiff in their First Set of Interrogatories dated December 10, 2002 had previously asked the Defendant to "identify each document, by date, title and description, that may be offered as evidence at trial." The Defendant never produced these e-mails in their response to Plaintiff's Interrogatories nor did the Defendant produce them by way of supplemental response.

## ARGUMENT

The Plaintiff respectfully requests that the Court grant the Plaintiff's Motion for Enlargement of Time in which to Conduct Depositions. This request is predicated upon the uncontrovertable factual history showing: (i) that the Defendant delayed delivering requested e-mails until the final weeks of discovery and (ii) that the Defendant neglected and failed to take the Plaintiff's deposition for approximately twelve (12) months or until the very end of the discovery period in order to prevent Plaintiff's counsel from being able to cross–examine the Plaintiff as well as depose other witnesses as it became necessary.

I.    **The Defendant's failed to properly respond to Plaintiff's discovery requests and intentionally withheld the deposition of the Plaintiff.**

    A.    **The Defendant intentionally waited ten months to provide the Plaintiff with requested information.**

On December 10, 2002, the Plaintiff began the discovery process pursuant to Fed. R. Civ. P. 26 by serving the Defendant with the Plaintiff's First Set of Interrogatories and Requests for Production. Plaintiff's Interrogatory number 15 requested the Defendant to "identify each document, by date, title and description, that may be offered as evidence at trial." The Defendant responded "To be determined" and did not provide any requested documents. The Defendant is under a continuing duty to provide the Plaintiff with supplemental answers to Interrogatories and Requests for Production. Fed. R. Civ. P. 26(e)(2) states that "a party is under a duty seasonably to amend a prior response to an interrogatory…if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." At no time during

the discovery period prior to Plaintiff's deposition did the Defendant provide the Plaintiff

with the plethora of e-mails used at deposition which are beyond peradventure

considered, relevant and probative to the case by the Defendant and hence material by the

Plaintiff.. At the Plaintiff's deposition, the Defendant used these e-mails, marking them

for identification without previously producing them to the Plaintiff. As a result of the

Defendant's lackadaisical failure to follow generally accepted rules governing discovery

the Plaintiff has been prejudiced.

As the court is aware, the discovery process is the backbone of litigation. Without

information, a Plaintiff cannot establish a claim and meet his or her burden of proof in

court. Common sense also dictates that without information obtained through

Interrogatories and Request for Production, depositions are also less effective. It is

possible to question witnesses, but realistically the process is much more effective if both

parties are armed with information obtained through interrogatories and requests for

production because then counsel can ask deponents in-depth questions relating to specific

known documents or other sources of information. The Defendant intentionally delayed

the production of the e-mails, until the last minute scheduling of the Plaintiff in order to

discourage/prevent the Plaintiff from being able to avoid surprise or adequately prepare

for her deposition. The actions of the Defendant in their delay in providing the requested

materials, only to provide them at Plaintiff's deposition "smack of the type of

gamesmanship that the Federal Rules were designed to avoid." Werbungs Und Commerz

Union Austalt v. Collector's Guild, 728 F. Supp. 975, 982 (S.D.N.Y. 1989). See also

Local R. 31(a) ("It shall be the duty of counsel to promote the efficient disposition of

cases.")

8

**B.** **The Defendant intentionally delayed the deposition of the Plaintiff until the end of the discovery period thus preventing Plaintiff's counsel from cross-examination the Plaintiff and deposing other necessary witnesses.**

The Defendant deliberately waited until they could obtain a complete picture of the Plaintiff's case before scheduling the Plaintiff for deposition. While this is certainly the Defendant's prerogative, it is in distinct contrast to usual practice. The deposition of the Plaintiff was unable to be completed by the conclusion of the extended discovery deadline, even after two days of questioning involving 44 exhibits, nor was the Plaintiff's attorney then able to cross-examine the Plaintiff during her deposition as permitted by Fed. R. Civ. P. 30(c).

Counsel for the Defendant knew that the deposition of the Plaintiff would be a slow process. Dr. Janet E. Esposito, LCSW spoke via telephone to both counsel for the Plaintiff and the Defendant and told them that due to stress and the emotional condition of the Plaintiff hourly, if not more frequent breaks, would be required at the deposition. (Exhibit C) The Defendant's counsel knew that his deception coupled with waiting until the final weeks of discovery could result in Plaintiff's deposition not being completed with the Plaintiff's counsel being unable to cross-examine as permitted by Fed. R. Civ. P. 30(c) which states "examination and cross-examination of witnesses may proceed as permitted at trial." Defendant's opposition to extending the discovery period is yet another tactic to prevent the Plaintiff from being able to gather evidence in support of its case.

In sum, the Defendant withheld providing the Plaintiff with requested information for over 10 months and in fact only provided the e-mails after the Plaintiff deposed five witnesses who could have responded to questions regarding these e-mails including

9

Plaintiff's supervisor Adrienne Fiedler while then producing them for the first time at Plaintiff's deposition. The deposition of the Plaintiff was delayed until the last two weeks of the extended discovery period causing a situation where her deposition was not completed, Plaintiff's counsel could not cross-examine the Plaintiff, and the Plaintiff could not depose Ms. Budd within the court-mandated time period. For these reasons, the Plaintiff requests that the Court grant the Plaintiff's Motion for Enlargement of Time in which to Conduct Depositions and Obtain Discovery.

**II.    Good cause exists for the Court to grant Plaintiff's motion.**

Fed. R. Civ. P. 16(b) states that the scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." As stated above, the Plaintiff completed discovery and depositions by the court-mandated deadline of September 15, 2003. The Defendant however intentionally delayed discovery and depositions while asking for and receiving a thirty-day extension to October 15, 2003 which the Plaintiff did not oppose. As a result of this extension, the Defendant was able to depose the Plaintiff for two days and produce e-mails that were previously requested by the Plaintiff ten months earlier. The defendant's intentional delay in deposing the Plaintiff has created a situation where Plaintiff's counsel is unable to cross-examine the Plaintiff and is also unable to depose Ms. Budd who testimony became necessary as a result of Plaintiff's deposition. The Defendant's delay in deposing the Plaintiff until the final two weeks of discovery was an intentional tactic to deny the Plaintiff the ability to fully discover all relevant and probative evidence that will prove valuable to her case.

The general rule states that a court's scheduling order should not be amended. However, "in certain cases the court may modify the schedule on a showing of good

cause if it cannot reasonably be met despite the diligence of the party seeking the

extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment, discussion

of subsection (b)).  The Second Circuit applied this reasoning when they stated in <u>Parker</u>

<u>v. Columbia Pictures Industries</u>, 204 F.3d 326, 340, "Where the moving party has

demonstrated good cause, the court may grant leave to amend the scheduling order to

extend the deadline." <u>Parker</u> at 340.  <u>See also</u>, <u>Grochowski v. Phoenix Construction</u>, 318

F.3d 80, 86 ("The Court's scheduling order 'shall not be modified except upon a showing

of good cause'" and "A finding of good cause depends on the diligence of the moving

party."), <u>Lowry v. Eastman Kodak, Co.</u>, 14 Fed. Appx. 27, 30 (Under Fed. R. Civ. P.

16(b) district court scheduling orders 'shall not be modified except upon a showing of

good cause'"), <u>Sigros v. Walt Disney World, Co.</u>, 190 F. Supp. 2d 165, 169 ("The Court

may modify the scheduling order upon good cause shown."), <u>Associated Imports, Inc. v.</u>

<u>International Longshoremen's Assn., et. al.</u>, 1986 U.S. Dist. LEXIS 29681 (The court

granted Defendant's motion for an extension of the discovery deadline after a finding that

the defendant had been reasonably diligent in completing discovery and that the

extension was reasonable in the circumstances of the case.)

     Good cause exists for the court to grant Plaintiff's motion and extend the

discovery period.  As shown above, throughout the discovery process the Plaintiff made a

good faith and diligent effort to comply with the Fed. R. Civ. P. 26(f) schedule and

complete all discovery by the initial September 15, 2003 deadline.  Only, as a result of

the Defendant's delay in producing the requested e-mails and deceptive conduct at

deposition Plaintiff's counsel is now forced into the situation of requesting an extension

in order to cross-examine the Plaintiff as is his right under Fed. R. Civ. P. 30(c), as well

as finding it necessary to depose Ms. Budd.  In addition, the Plaintiff seeks to subpoena documents related to the termination of the Plaintiff that are solely in the possession of the Defendant. The fact that the Defendant delayed and could not complete discovery by the deadline should not prejudice the Plaintiff from being able to discover all evidence helpful to her case and determine what value the newly produced evidence has toward her claim.  The court should not support deceptive conduct designed to circumvent the discovery practices at the root of the Federal Rules of Civil Procedure.

In sum, the Defendant has not been diligent in their conduct of discovery.  They have intentionally delayed providing the Plaintiff with requested materials and have waited until the very end of an extended discovery period to depose the Plaintiff.  The Defendant's refusal to consent to the Plaintiff's request for an Enlargement of Time to conduct discovery is a disingenuous attempt to avoid liability for their own failure to proceed in a timely and reasonable manner.  For this reason, the Plaintiff requests that the Court grant Plaintiff's Motion for an Enlargement of Time in which to Conduct Depositions and Obtain Discovery.

## CONCLUSION

The foregoing reasons, the Plaintiff respectfully requests that the court grant Plaintiff's Motion for Enlargement of Time in which to Conduct Depositions.

Respectfully submitted,
The Plaintiff
Lori Souza

By:_____
Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive

Woodbridge CT 06525
Federal Bar No. ct00309
Tel: (203) 389-6526
Fax (203) 389-2656

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via overnight mail on this 13th day of November to the following counsel of record:

David A. Kulle, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT
06103-3597

_____
Eugene N. Axelrod

# EXHIBIT A

# THE EMPLOYMENT LAW GROUP LLC

### 8 LUNAR DRIVE
### WOODBRIDGE, CT 06525
www.EmploymentLawGroup.com

EUGENE N. AXELROD, ESQ.
ADMITTED IN NEW YORK AND CONNECTICUT

PH: 203.389.6526
FX: 203.389.2656

October 9, 2003

Via: Facsimile & First Class Mail
860-275-8299

David A. Kulle, Esq.
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597

Re:     **Lori Souza V. Boehringer Ingelheim Pharmaceuticals, Inc.**
        **Civil Action No. 3:02CV1067(MRK)**

Dear Attorney Kulle:

I am afraid that your letter dated October 8, 2003 is somewhat erroneous. As we discussed a member of my staff mistakenly suggested Friday, October 10, 2003 without properly first checking my calendar. Thereafter, upon calling your office with an offer to conduct Ms. Souzas third day of oral deposition on Columbus Day, Monday, October 13, 2003 we were told that your office was open and the date acceptable. I might add that my offer to participate in deposition on Columbus Day was made even though our office is closed.

Arriving for the continued deposition of my client on October 8, 2003 you informed us that although your office was open attendance was optional and you did not want to use a different videocamera technician, therefore, the deposition could not proceed. Although my client informed you that, at some trouble, she had already obtained child care the deposition remained cancelled.

As we also discussed at the last deposition the small window of remaining time may not permit the conclusion of discovery by October 15, 2003. Despite every reasonable effort this appears to be the case. I have longstanding commitments, you cannot proceed on Monday. Even were this not so, you have not completed your direct examination of Ms. Souza which at this time consists of forty four exhibits. The deposition of Ms. Souza has been complicated by the necessity to respect her fragile emotional condition as previously confirmed to you by her therapist. In addition I will need significant deposition time with Ms. Souza after which, given the history of this case, will inevitably lead to your redirect. As a result of your direct examination the plaintiff is in the process of issuing several

1

subpoenas for additional, necessary, records from Boehringer Ingelheim Pharmaceuticals, Inc. as well as the presence of an additional witness-deponent. The plaintiff also has not completed the deposition of Adrienne Fiedler.

I suggest that given the foregoing unforeseen circumstances the only rational manner of properly serving our clients and the interest of justice is to immediately and jointly request a thirty-day enlargement from the trial judge.

Sincerely,

Eugene N. Axelrod

cc: Lori Souza

M:l.tr Kullecontd depositions

# EXHIBIT B

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 10, 2003

***VIA FACSIMILE AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED***

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:  **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
     **Case No.:  3:02CV 1067 (MRK)**

Dear Attorney Axelrod:

This is in response to your letter of October 9th.

First, I do not believe that my letter of October 8th was "somewhat erroneous," and I stand by it.  Second, the only reason the plaintiff's deposition is nudging the discovery cutoff is because we have already accommodated your and Ms. Souza's schedules on several occasions; had her deposition proceeded on September 11th, as the parties had originally agreed, it would no doubt have concluded several weeks ago.

In any case, we believe that the plaintiff's deposition can still be finished by the 15th, and to that end we have proposed two dates – October 14th or 15th – for continuing and concluding the testimony.  On October 8th, you were unable to identify specifically any commitment that you had on either the 14th or the 15th other than to say that you might have a settlement conference with Magistrate Garfinkel some time on the 14th.  In your October 9th letter, you speak of "longstanding commitments," but you still have not identified any specific matter on Tuesday or Wednesday that could not be rescheduled to accommodate the conclusion of the plaintiff's deposition in this case.  Nor has there been any suggestion that your client is necessarily unavailable on either of these days.

Third, the defendant has never suggested or agreed that discovery ought to be extended further, and in fact we believe that it should not be so extended.  Judge Kravitz stated quite clearly during our recent telephone conference with him that, absent some specific and truly exigent circumstance, the parties were obliged to conclude discovery by the current deadline of October 15th.  Your decision,



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Eugene N. Axelrod, Esq.
October 10, 2003
Page 2

apparently, to pursue additional discovery at the eleventh hour, when the plaintiff could have sought such discovery months ago, is hardly the kind of compelling reason I understood Judge Kravitz to be referencing. The defendant will not join in a motion to extend the discovery period and in fact objects to any such extension.

Fourth, the deposition of Adrienne Fiedler has been completed. You deposed her on Monday, September 8th, under circumstances that were physically quite challenging to her, and she testified until approximately 6:45 p.m. so that the deposition could be concluded in a single day. Indeed, even accounting for the lunch break and other brief breaks requested by Ms. Fiedler because of her physical discomfort, your questioning still exceeded the seven hours of testimony accorded under the Rules. The plaintiff has no valid basis for re-opening Ms. Fiedler's deposition, and the defendant will object to any attempt to do so.

Finally, in view of the foregoing, I have enclosed a notice scheduling the continuation of Ms. Souza's videotaped deposition for Wednesday, October 15th. We expect to see you and your client here at the offices of Robinson & Cole at 10:00 a.m. on Wednesday. I ask that you please arrive on time so that we will all be in a position to conclude the deposition on the 15th.

Very truly yours,

David A. Kulle

David A. Kulle

cc:    Erin O'Brien Choquette



# EXHIBIT C

*Janet E. Esposito, LCSW*

72 North Street, Suite 205
Danbury, CT 06810

Tel: 203-778-4342
Fax: 203-743-1110
~~Email: public-speaking@hotmail.com~~
www.performanceanxiety.com

October 10, 2003

Attorney Eugene Axelrod
8 Lunar Drive
Woodbridge, CT.  06525

Dear Attorney Axelrod,

I am writing on behalf of our mutual client, Lori Souza.  It is clear to me that Lori needs an extension in the deadline for completion of the deposition. This process has been extremely stressful for Lori and she has had great difficulty sitting through long hours of questioning, as it is bringing up many deeply distressing memories and associations as she responds to the questions. As you know, she was very upset the first day of her deposition related to being videotaped and it took some time for her to calm down enough for the deposition to start.  I was called that morning to try to help support Lori to be able to move forward with the deposition and I spoke with both you and Attorney Kulle by phone, explaining that this whole process was exceedingly difficult for Lori to deal with and was creating much stress and emotional upset.  I mentioned that she would need to take brief hourly breaks so it felt more manageable to her and that she may need to end early if she felt too overwhelmed. Due to these factors, the deposition is clearly taking longer than hoped for, but I know Lori is doing the best she can under the circumstances.  She is committed to completing her deposition, but I do believe we have to honor her pace, given the deep distress she is experiencing in this process.  Given her emotional state, I strongly recommend that the deposition be extended, if at all possible, to allow Lori to complete this process in a way that does not overwhelm her.

Please contact me if you have any questions about this.

Best,

Janet E. Esposito, L.C.S.W.