UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI SOUZA | : |
|       Plaintiff, | :    CIVIL NO.: 3:02 CV1067(MRK) |
| V. | : |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC. | : |
|       Defendant. | :    NOVEMBER 18, 2003 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR ENLARGEMENT OF TIME</u>**

The defendant, Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") hereby opposes the plaintiff's motion for enlargement of time as untimely and unjustifiable. BIPI also objects to the plaintiff's tactic of using mischaracterizations and false statements in her attempt to sway the Court in her favor. The facts in the record demonstrate that the plaintiff's inability to complete the discovery she seeks within the discovery deadline set by the Court was caused by the plaintiff's own lack of diligence. BIPI acted at all times in accordance with the Rules of Civil Procedure and the Court's orders, and cannot be held responsible for the plaintiff's failure to complete the discovery she now seeks. Accordingly, the plaintiff's motion for enlargement should be denied.

**I.      The Plaintiff's Motion is Untimely.**

The discovery period in this litigation ended on October 15, 2003, pursuant to the Court's order. The plaintiff has offered no explanation, much less a valid reason, for her decision to delay moving for an enlargement of the discovery period by an entire month. The plaintiff cannot claim that she was unaware of the discovery deadline: not only had defendant's counsel

reminded plaintiff's counsel of the deadline, but also, the issue was discussed during the parties' telephonic status conference with the Court.

Moreover, the plaintiff cannot assert that she was unaware of any alleged need for an extension of time before the close of discovery. During the last week of discovery, her attorney repeatedly suggested that the parties file a joint motion for extension of time. BIPI's stated opposition to any extension did not prohibit the plaintiff from filing her own motion for extension of time on or before October 15th. Accordingly, the plaintiff's motion should be denied as untimely.

## II.    BIPI Did Not Unduly Delay the Plaintiff's Deposition.

As of the close of discovery, BIPI was unable to complete its deposition of the plaintiff due to a series of delays caused by the plaintiff. BIPI, however, chose to abide by the Court's deadline and did not move for an extension of time. The plaintiff's current, untimely, motion to extend discovery in order to allow plaintiff's counsel to cross-examine his own client is frivolous and her efforts to blame BIPI for her own actions are groundless.

On August 4, 2003, BIPI served the plaintiff with its initial notice of the plaintiff's deposition, scheduling the deposition on September 10, 2003. On August 13, 2003, BIPI re-noticed the plaintiff's deposition for September 11, 2003, five weeks before the close of discovery.[1] Notwithstanding the fact that plaintiff's counsel agreed to the September 11th date, at the end of the day on September 8, 2003 (at the close of the deposition of Adrienne Fiedler) the plaintiff announced that she would not appear for her deposition on September 11th, because she wanted to attend a family reunion.

---

[1] BIPI agreed to change the date of the plaintiff's deposition in order to accommodate the schedule of the plaintiff's expert witness, who had been served with a subpoena to appear for deposition on September 3rd, but who was not available until September 10th.

2

In an effort to work cooperatively with the plaintiff, BIPI agreed to postpone the plaintiff's deposition and suggested several dates in September to hold the deposition. Because of the plaintiff's and plaintiff's counsel's scheduling conflicts, however, BIPI was not ultimately able to proceed with the first session of the plaintiff's deposition until October 1st.

Although the deposition was noticed to begin at 10:00 a.m. on October 1, 2003, plaintiff's counsel did not arrive at the offices of Robinson & Cole until approximately 10:40 a.m. The commencement of the plaintiff's deposition was further delayed by plaintiff's counsel's initial, unjustified refusal to proceed with the deposition because it was to be videotaped.[2]

The deposition was further delayed when plaintiff's counsel advised BIPI's attorney that the plaintiff's therapist wanted to speak with BIPI's attorney by telephone to discuss the plaintiff's alleged need for frequent breaks during the deposition.[3] Even though the plaintiff had never mentioned this alleged need for frequent breaks when the parties scheduled her deposition, BIPI acceded to her request, and allowed the plaintiff to take breaks whenever she wished. The deposition finally commenced at 11:08. The deposition adjourned at 4:27 p.m. at the plaintiff's request. Because of the number and length of breaks taken by the plaintiff and her attorney, the actual deposition lasted less than 3 and one-half hours.

On October 2, 2003, counsel for BIPI advised plaintiff's counsel by letter that BIPI had reserved October 8, 9, and 10th for the continuation and completion of the plaintiff's deposition and asked which days were convenient for the plaintiff. (Ex. 1.) Attorney Axelrod's assistant

---

[2] After plaintiff's counsel was reminded that all three notices of deposition properly indicated that the deposition would be videotaped, and after speaking at some length on a telephone outside of the deposition room, plaintiff's counsel ultimately acknowledged BIPI's right to videotape the deposition.

[3] Despite the plaintiff's therapist's claims regarding the plaintiff's allegedly fragile mental state, the videotapes of the depositions show that the plaintiff consistently appeared to be confident, aggressive, and frequently confrontational.

3

responded that Attorney Axelrod was unavailable on October 9th, but that he agreed to resume the plaintiff's deposition on October 8th and to keep Friday, October 10th open in the event an additional day was necessary. Accordingly, BIPI served a notice of continuing deposition on the plaintiff for October 8, 2003 at 10:00.

On October 7, 2003, plaintiff's counsel advised BIPI's attorney that he would not be available on Friday, October 10th, but could be available on Monday, October 13th. Not realizing that October 13th was Columbus Day, BIPI's counsel indicated that if the plaintiff's deposition did not conclude on October 8th, it could also be resumed on the 13th. When the plaintiff arrived for her deposition on October 8th (20 minutes late), BIPI's counsel explained to plaintiff's counsel that he had not realized that the 13th was Columbus Day when they first spoke, and that the videographer would not be available on the 13th. Accordingly, BIPI's counsel suggested that, if necessary, the deposition could be completed on either Tuesday, October 14th or Wednesday, October 15th.

Testimony on October 8th began at 10:30. The deposition ended at 3:04 at the plaintiff's request. Again, because of the frequent breaks taken by the plaintiff and her attorney, the actual deposition lasted less than three hours. At that time, BIPI's counsel advised plaintiff's counsel that the anticipated conclusion of the plaintiff's examination would take less than 45 minutes.

On October 8th, after the deposition concluded, BIPI's counsel sent plaintiff's counsel a letter via facsimile reiterating that BIPI would be available on either October 14th or October 15th to conclude the plaintiff's deposition, and asking plaintiff's counsel to report which date he preferred by 3:00 p.m. on Friday, October 10th. (Ex. 2.) BIPI's counsel advised plaintiff's counsel that if he received no response to his letter, he would notice the plaintiff's deposition for October 15th.

4

In response, Attorney Axelrod wrote to Attorney Kulle that he did not think the deposition could be completed on October 15th and suggested that the parties file a joint motion for extension of time. (Ex. 3.) Attorney Kulle wrote back to Attorney Axelrod and informed him that BIPI would not consent to a motion for extension of time, and that because Attorney Axelrod had not stated that the plaintiff was unavailable on October 15th, BIPI would notice the conclusion of her deposition for that date. (Ex. 4.)

Accordingly, BIPI noticed the final day of the plaintiff's deposition for October 15, 2003. (Ex. 5.) In response to the deposition notice, plaintiff's counsel sent BIPI's counsel a letter via facsimile on October 13, 2003, in which plaintiff's counsel asserted that the deposition process was too stressful for the plaintiff and again suggested that the parties file a joint motion for extension of the discovery deadline. (Ex. 6.) Notably, this claim was totally inconsistent with plaintiff's counsel's earlier efforts to schedule the deposition on October 13th.

On October 14th, Attorney Kulle sent a letter via facsimile to Attorney Axelrod recounting all of the accommodations given to the plaintiff, reiterating that his direct examination was unlikely to last more than 45 minutes, and reminding Attorney Axelrod of the Court's directive to conclude discovery. Attorney Kulle closed the letter by stating that BIPI planned to go forward with the plaintiff's deposition as noticed. (Ex. 7.)

In violation of her obligations under the Federal Rules of Civil Procedure, the plaintiff failed to appear for her properly noticed deposition on October 15, 2003. The plaintiff did not even attempt to legitimize her position by filing a motion for protective order. Instead, Attorney Axelrod merely faxed a letter to Attorney Kulle well after business hours on October 14th, in which he again asserted that the decision to complete the plaintiff's deposition was improper.

Even in this letter, Attorney Axelrod failed to state expressly that he and the plaintiff would not attend the deposition. (Ex. 8.)[4]

Had the plaintiff appeared for her properly noticed deposition on October 15, 2003, her attorney would have had ample time to cross-examine her on the record. Indeed, had the plaintiff chosen to go forward with her deposition on September 11, 2003, as originally scheduled, it is likely that her deposition would have been completed before October. Accordingly, the plaintiff's claim that **BIPI** somehow delayed the plaintiff's deposition is ridiculous.

## II.   BIPI Has Not Deprived the Plaintiff of the Opportunity to Conduct Discovery.

The plaintiff's claim that she has somehow been deprived of the opportunity to take meaningful discovery as a result of BIPI's actions is similarly groundless. Attorney Axelrod has represented the plaintiff since this litigation commenced in October 2001 and has had two years to elicit from the plaintiff whatever information he needs. The plaintiff's assertion that the discovery period should be extended to allow her lawyer to cross-examine her under oath is completely without merit.

The plaintiff's assertion that she should be allowed additional discovery in order to depose Andree Budd also ignores the undisputed fact that the plaintiff has known for several months that Ms. Budd may have information relating to the litigation. Indeed, BIPI first learned about Ms. Budd's possible involvement from the plaintiff herself during the second session of her deposition. If Attorney Axelrod did not know about her until the deposition, it can only be because he failed to ask his own client about the identities of people with knowledge about her claims. The plaintiff's lack of diligence is not a basis for an extension of the discovery deadline.

## III.   BIPI Provided Plaintiff with Complete Discovery Responses in a Timely Fashion.

---

[4] Attorney Kulle's response to this letter is attached hereto at Exhibit 9.

Finally, the plaintiff's accusation that BIPI used "a plethora of emails" at the plaintiff's deposition that had not previously been disclosed is blatantly false. Every single email that was used at the plaintiff's deposition had been produced to the plaintiff's attorney weeks and months before the plaintiff's deposition. (See Ex. 10.) Attorney Axelrod had ample time to review the emails with the plaintiff. Indeed, many of the emails had been used by Attorney Axelrod in his depositions of the defendants' witnesses.

## IV.  Conclusion

The plaintiff has failed to prove the existence of good cause to re-open and extend discovery in this case. The plaintiff's delaying tactics and lack of diligence are the only reasons that the plaintiff was unable to complete the discovery she now seeks. The plaintiff has flouted the federal and local rules, and ought not be able to profit from doing so. Accordingly, BIPI respectfully urges the Court to deny the plaintiff's motion for enlargement of time to complete discovery.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

By: _/s/ E. O'B. Choquette_
David A. Kulle (ct00333)
dkulle@rc.com
Erin O'Brien Choquette
echoquette@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299

7

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent via Federal Express, postage prepaid, on this 18th day of November, 2003, to the following:

Eugene N. Axelrod, Esq.
The Employment Group LLC
8 Lunar Drive
Woodbridge, CT 06525

　　　　　　　　　　　　　　　　　　　　　　Erin O'Brien Choquette