**EXHIBIT 1**

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 2, 2003

*VIA FACSIMILE AND FIRST CLASS MAIL*

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re: **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
    **Case No.: 3:02CV 1067 (MRK)**

Dear Attorney Axelrod:

As I am able to provide you now with dates for the continuation of Ms. Souza's deposition, I wanted to pass them along to you today instead of waiting for tomorrow morning.

We have blocked out Wednesday through Friday of next week, October 8 through 10, for the continuation and conclusion of the plaintiff's deposition. We can resume on Wednesday and, if a third day is required, continue on Thursday. If you prefer, we can resume on Thursday and, if necessary, continue on Friday. Yet a third possibility is for us to resume on Wednesday and, if necessary, continue on Friday.

We are also leaving a message to this effect with your office, and, per your suggestion, I am sending an email message to Melissa Toddy containing the same dates and choices. I would appreciate it if you, Ms. Toddy or someone else in your office would let me or my assistant know by tomorrow afternoon whether next Wednesday or Thursday works better for you as the next day of the plaintiff's deposition. If we do not hear from you or your office, we will select Wednesday, October 8, as the second day of the deposition and will fax and mail to you an appropriate notice.

Very truly yours,

David A. Kulle

cc: Erin O'Brien Choquette
    Edward Miller



*Law Offices*

BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

**EXHIBIT 2**

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 8, 2003

**_VIA FACSIMILE AND FIRST CLASS MAIL_**

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:  **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
     **Case No.: 3:02CV 1067 (MRK)**

Dear Attorney Axelrod:

As we discussed at the conclusion of today's session of your client's deposition, October 15 is the last day of the discovery period in this case. You indicated to me that you cannot resume the testimony on Friday, October 10, and I indicated to you that we are unable to proceed on Monday, October 13. As you and I also discussed, we can be available for the continuation and conclusion of the plaintiff's deposition on either Tuesday, October 14, or Wednesday, October 15.

Please let me, Attorney Choquette, or Linda Zizzamia know as soon as possible – and no later than 3:00 p.m. on Friday, October 10 – which of these two dates you prefer. In view of your comment that you might have a settlement conference with Magistrate Judge Garfinkel some time during the day on the 14th, if we do not hear from you or someone at your office by 3:00 p.m. on Friday, we will fax and mail a notice of continuing videotaped deposition for Wednesday, October 15, and will expect to resume at 10:00 a.m. on that date.

Very truly yours,

*[signature]*

David A. Kulle

cc:  Erin O'Brien Choquette

Law Offices
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK
www.rc.com

**EXHIBIT 3**

# THE EMPLOYMENT LAW GROUP LLC
## 8 LUNAR DRIVE
## WOODBRIDGE, CT 06525
www.EmploymentLawGroup.com

EUGENE N. AXELROD, ESQ.  
ADMITTED IN NEW YORK AND CONNECTICUT

PH: 203.389.6526  
Fx: 203.389.2656

October 9, 2003

Via: Facsimile & First Class Mail  
860-275-8299

David A. Kulle, Esq.  
Robinson & Cole LLP  
280 Trumbull Street  
Hartford, CT 06103-3597

Re:  **Lori Souza V. Boehringer Ingelheim Pharmaceuticals, Inc.**  
**Civil Action No. 3:02CV1067(MRK)**

Dear Attorney Kulle:

I am afraid that your letter dated October 8, 2003 is somewhat erroneous. As we discussed a member of my staff mistakenly suggested Friday, October 10, 2003 without properly first checking my calendar. Thereafter, upon calling your office with an offer to conduct Ms. Souzas third day of oral deposition on Columbus Day, Monday, October 13, 2003 we were told that your office was open and the date acceptable. I might add that my offer to participate in deposition on Columbus Day was made even though our office is closed.

Arriving for the continued deposition of my client on October 8, 2003 you informed us that although your office was open attendance was optional and you did not want to use a different videocamera technician, therefore, the deposition could not proceed. Although my client informed you that, at some trouble, she had already obtained child care the deposition remained cancelled.

As we also discussed at the last deposition the small window of remaining time may not permit the conclusion of discovery by October 15, 2003. Despite every reasonable effort this appears to be the case. I have longstanding commitments, you cannot proceed on Monday. Even were this not so, you have not completed your direct examination of Ms. Souza which at this time consists of forty four exhibits. The deposition of Ms. Souza has been complicated by the necessity to respect her fragile emotional condition as previously confirmed to you by her therapist. In addition I will need significant deposition time with Ms. Souza after which, given the history of this case, will inevitably lead to your redirect. As a result of your direct examination the plaintiff is in the process of issuing several

1

subpoenas for additional, necessary, records from Boehringer Ingelheim Pharmaceuticals, Inc. as well as the presence of an additional witness-deponent. The plaintiff also has not completed the deposition of Adrienne Fiedler.

I suggest that given the foregoing unforeseen circumstances the only rational manner of properly serving our clients and the interest of justice is to immediately and jointly request a thirty-day enlargement from the trial judge.

Sincerely,

Eugene N. Axelrod

cc: Lori Souza

M:Ltr Kullccontd depositions

**EXHIBIT 4**

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 10, 2003

*VIA FACSIMILE AND CERTIFIED MAIL*
*RETURN RECEIPT REQUESTED*

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:   **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
      **Case No.: 3:02CV 1067 (MRK)**

Dear Attorney Axelrod:

This is in response to your letter of October 9th.

First, I do not believe that my letter of October 8th was "somewhat erroneous," and I stand by it. Second, the only reason the plaintiff's deposition is nudging the discovery cutoff is because we have already accommodated your and Ms. Souza's schedules on several occasions; had her deposition proceeded on September 11th, as the parties had originally agreed, it would no doubt have concluded several weeks ago.

In any case, we believe that the plaintiff's deposition can still be finished by the 15th, and to that end we have proposed two dates -- October 14th or 15th -- for continuing and concluding the testimony. On October 8th, you were unable to identify specifically any commitment that you had on either the 14th or the 15th other than to say that you might have a settlement conference with Magistrate Garfinkel some time on the 14th. In your October 9th letter, you speak of "longstanding commitments," but you still have not identified any specific matter on Tuesday or Wednesday that could not be rescheduled to accommodate the conclusion of the plaintiff's deposition in this case. Nor has there been any suggestion that your client is necessarily unavailable on either of these days.

Third, the defendant has never suggested or agreed that discovery ought to be extended further, and in fact we believe that it should not be so extended. Judge Kravitz stated quite clearly during our recent telephone conference with him that, absent some specific and truly exigent circumstance, the parties were obliged to conclude discovery by the current deadline of October 15th. Your decision,



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Eugene N. Axelrod, Esq.
October 10, 2003
Page 2

apparently, to pursue additional discovery at the eleventh hour, when the plaintiff could have sought such discovery months ago, is hardly the kind of compelling reason I understood Judge Kravitz to be referencing. The defendant will not join in a motion to extend the discovery period and in fact objects to any such extension.

Fourth, the deposition of Adrienne Fiedler has been completed. You deposed her on Monday, September 8th, under circumstances that were physically quite challenging to her, and she testified until approximately 6:45 p.m. so that the deposition could be concluded in a single day. Indeed, even accounting for the lunch break and other brief breaks requested by Ms. Fiedler because of her physical discomfort, your questioning still exceeded the seven hours of testimony accorded under the Rules. The plaintiff has no valid basis for re-opening Ms. Fiedler's deposition, and the defendant will object to any attempt to do so.

Finally, in view of the foregoing, I have enclosed a notice scheduling the continuation of Ms. Souza's videotaped deposition for Wednesday, October 15th. We expect to see you and your client here at the offices of Robinson & Cole at 10:00 a.m. on Wednesday. I ask that you please arrive on time so that we will all be in a position to conclude the deposition on the 15th.

Very truly yours,

David A. Kulle

cc:   Erin O'Brien Choquette



# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LORI SOUZA<br>Plaintiff, | : CIVIL ACTION NO.:<br>: 3:02 CV 1067 (MRK)<br>: |
| V. | : |
| BOEHRINGER INGELHEIM<br>PHARMACEUTICALS, INC.<br>Defendant. | :<br>:<br>:<br>: OCTOBER 10, 2003 |

## NOTICE OF CONTINUING DEPOSITION

PLEASE TAKE NOTICE, that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the Defendant, Boehringer Ingelheim Pharmaceuticals, Inc., will continue to take the deposition of the plaintiff, Lori Souza, on Wednesday, October 15, 2003, beginning at 10:00 a.m., before Brandon Smith Reporting Service, LLC, or other competent authority, at the offices of Robinson & Cole, 280 Trumbull Street, Hartford, CT 06103-3597. Pursuant to the Federal Rules of Civil Procedure, the deposition will continue to be recorded by videotape. You are invited to attend and cross-examine.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

By /s/ David A. Kulle
David A. Kulle (ct00333)
dkulle@rc.com
Erin O'Brien Choquette (ct18585)
eobrien@rc.com
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: 860-275-8200
Fax No.: 860-275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile, and mailed via certified mail, return-receipt requested, postage prepaid, on this 10th day of October, 2003, to Eugene N. Axelrod, Esq., of The Employment Law Group LLC, 8 Lunar Drive, Woodbridge, CT 06525.

_____
David A. Kulle

**EXHIBIT 6**

# The Employment Law Group llc
### 8 Lunar Drive
### Woodbridge, CT 06525
www.EmploymentLawGroup.com

*Connecticut & New York*

Ph: 203.389.6526
Fx: 203.389.2656

October 13, 2003

Via: Facsimile
860.275.8299

David A. Kulle, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Re: Lori Souza v. Boehringer Ingleheim Pharmaceuticals, Inc.
Civil Action No. 3:02CV1067 (MRK)

Dear Attorney Kulle:

I have previously sent you a letter via facsimile and first class mail that resulted in a rather threatening response. Kindly be advised that my letter was accurate and clearly in the best interest of accomplishing the completion of discovery in an orderly and efficient manner. I annex a letter from Ms. Janet E. Esposito LCSW, Ms. Souza's treating mental health professional stating that, *inter alia*, that Ms. Souza has been doing her best to function even though the deposition process is triggering "many deeply distressing memories and associations as she responds to the questions." I assume that your interest is to complete the deposition without engendering harm to the deponent. Accordingly, and in light of the plaintiff's need to cross Ms. Souza as well as obtain additional pertinent records and oral testimony I again suggest that you join in a join thirty day enlargement.

Please let me know before noon of Tuesday, October 14, 2003.

Thank you for your cooperation.

Sincerely,
The Employment Law Group, LLC.

Eugene N. Axelrod

cc: Lori Souza
M:Ltr Kulle 10.13.03

# Janet E. Esposito, LCSW

72 North Street, Suite 205
Danbury, CT 06810

Tel: 203-778-4342
Fax: 203-743-1110
Email: ~~performanceanxiety~~
www.performanceanxiety.com

October 10, 2003

Attorney Eugene Axelrod
8 Lunar Drive
Woodbridge, CT. 06525

Dear Attorney Axelrod,

I am writing on behalf of our mutual client, Lori Souza. It is clear to me that Lori needs an extension in the deadline for completion of the deposition. This process has been extremely stressful for Lori and she has had great difficulty sitting through long hours of questioning, as it is bringing up many deeply distressing memories and associations as she responds to the questions. As you know, she was very upset the first day of her deposition related to being videotaped and it took some time for her to calm down enough for the deposition to start. I was called that morning to try to help support Lori to be able to move forward with the deposition and I spoke with both you and Attorney Kulle by phone, explaining that this whole process was exceedingly difficult for Lori to deal with and was creating much stress and emotional upset. I mentioned that she would need to take brief hourly breaks so it felt more manageable to her and that she may need to end early if she felt too overwhelmed. Due to these factors, the deposition is clearly taking longer than hoped for, but I know Lori is doing the best she can under the circumstances. She is committed to completing her deposition, but I do believe we have to honor her pace, given the deep distress she is experiencing in this process. Given her emotional state, I strongly recommend that the deposition be extended, if at all possible, to allow Lori to complete this process in a way that does not overwhelm her.

Please contact me if you have any questions about this.

Best,

*Janet Esposito*

Janet E. Esposito, L.C.S.W.