# EXHIBIT 7

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 14, 2003

*__Via Facsimile and First Class Mail__*

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525

Re:    Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.
       Civil Action No. 3:02CV1067(MRK)

Dear Attorney Axelrod:

This is in response to your letter of October 13th. I do not think that my October 10th letter was in any way "threatening," and I stand by it and my letter of October 8th.

As for Ms. Esposito and her letter to you, obviously she was not present for your client's testimony and thus was unable personally to witness Ms. Souza's temperament and demeanor throughout the deposition. Ms. Souza has hardly appeared overwhelmed by the experience; to the contrary, and as the videotape would reflect, she has been challenging, assertive, aggressive, and even combative through much of the examination. She has forcefully answered the questions put to her and on several occasions has insisted on offering testimony when no question was pending. She certainly has given no indication that she is a witness to whom the deposition is "engendering harm."

Nonetheless, she has been accorded every single accommodation that she has requested. She has asked for and been given numerous breaks – some of which have been lengthy – on each of the days of her testimony, and at her request we have concluded each session well before the usual end of the business day. Indeed, over the course of nearly three weeks, she has testified on direct for a total of only slightly more than six hours. Further, she will have had an entire week between the second session on October 8th and the concluding session planned for tomorrow. It is difficult to imagine how the pace could be any slower or more accommodating, or how an extra few weeks would make any difference. This is especially true given that, assuming the plaintiff's cooperation, the conclusion of my direct examination is unlikely to last more than forty-five minutes; I am confident that, had we been able to



*Law Offices*
BOSTON
HARTFORD
NEW LONDON
STAMFORD
GREENWICH
NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Eugene Axelrod, Esq.
October 14, 2003
Page 2

proceed a bit longer on October 8th, I would have been able to finish the direct at that time.

As to any suggestion that Ms. Souza has been bothered by the videotaping, I need only point out that the plaintiff has been on notice since the original deposition notice of August 4th that her testimony would be videotaped. In two subsequent notices over the ensuing six weeks she was reminded that the testimony would be videotaped. It is rather late, now, for that to be an issue.

Given all of these circumstances, as well as the court's clearly expressed directive that the parties conclude discovery within the current deadline, the defendant plans to go forward tomorrow with the conclusion of Ms. Souza's videotaped deposition, pursuant to the most recent notice. We plan to continue the direct examination beginning at 10:00 a.m. sharp.

I conclude by restating the defendant's belief that there is no need for additional discovery in this case. The plaintiff has had many months in which to seek additional testimony and other information, but, for whatever reasons, has chosen not to do so. That the plaintiff, with only a few days left in discovery, now wishes to undertake steps that could easily have been undertaken months prior is not, in the defendant's view, a valid reason to extend the discovery period. Please know that the defendant does not agree to the need for more discovery, does not wish to join in any motion seeking to extend the discovery deadline, and does in fact object to any such motion.

Very truly yours,

David A. Kulle

lcz

cc:    Erin O'Brien Choquette
       Edward Miller, Esq.



# EXHIBIT 8

# THE EMPLOYMENT LAW GROUP LLC
## 8 LUNAR DRIVE
## WOODBRIDGE, CT 06525
### www.EmploymentLawGroup.com

EUGENE N. AXELROD, ESQ.
ADMITTED IN NEW YORK AND CONNECTICUT

PH: 203.389.6526
FX: 203.389.2656

October 14, 2003

Via: Facsimile & First Class Mail
860.275.8299

David A. Kulle, Esq.
Robinson & Cole
280 Trumbull Street
Hartford, CT 06103-3597

Re:    Lori Souza v. Boehringer Ingleheim Pharmaceuticals, Inc.
       Civil Action No. 3:02CV1067 (MRK)

Dear Attorney Kulle:

First, as I have informed you in three prior letters concerning my schedule and a letter from Mrs. Souza's treating mental health professional your choice of continued deposition is not possible. I am certainly willing to hold the third day of continued deposition of Mrs. Souza at a mutually acceptable time and date. However, my previous letters have been clear and all invitations to resolve the issue have been ignored. The record is clear that sufficient notice was provided to you that October 14th and 15th , 2003 have not been acceptable. Rather than work together you have chosen to adopt a purely confrontational stance.

Second, this office waited upon you for many months in order to take the deposition of your client, Adrienne Fiedler, after the completion of other witnesses. This is the same completely incapacitated Adrienne Fieldler that was able to go to work and attend a baseball game.

Third, had you wished to take the deposition of the plaintiff your office could have done so without placing the parties in this position. The fact of the matter is that as a matter of strategy you have deliberately waited until you could obtain a complete picture of the plaintiff's case before scheduling the plaintiff, Ms. Souza, in distinct contrast to usual practice. You have done so at your own peril. You have the statements of mental health professionals that Ms. Souza can not be expected to withstand a continuous harsh

1

deposition technique. You also have testimony from the same professionals that Ms. Souza was not in the current mental state when she began working directly for Adrienne Fiedler.

Fourth, it is to be expected that when you adopt a strategy of deliberately waiting until the eleventh hour to bring forth a plethora of previously unknown e-mails and finally begin to expose your case that the plaintiff will move to respond. This certainty can neither be unexpected nor constitute any form of last minute discovery. Rather it is the inevitable result of your strategic game plan and a precise reason to move for a short enlargement of discovery. I remind you that it was you and not I that refused to take the deposition of Ms. Souza last Monday after initially agreeing to do so. In all likelihood had you not changed your mind both direct and cross would have been completed. I also remind you that your deposition schedule prevents her counsel from cross-examining Ms. Souza as is his right.

Please contact the undersigned in order to complete this process in an orderly and collegial manner.

Sincerely,
The Employment Law Group LLC


Eugene N. Axelrod


M:Kulle ltr 10.14.03

# EXHIBIT 9

# ROBINSON & COLE LLP

DAVID A. KULLE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
dkulle@rc.com
Direct (860) 275-8256

October 15, 2003

### *Via Facsimile and First Class Mail*

Eugene Axelrod, Esq.
The Employment Law Group
8 Lunar Drive
Woodbridge, CT 06525

Re:    Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.
       Civil Action No. 3:02CV1067(MRK)

Dear Attorney Axelrod:

This is in response to your latest letter, dated October 14th. While all of the statements in your letter are generally denied, several require a specific response.

First, you may recall that the parties had agreed to proceed with Ms. Souza's deposition on September 11th, at a point when there were about five weeks left in the discovery period. You and your client told us for the first time at the conclusion of Adrienne Fiedler's deposition on September 8th that the plaintiff would not be attending her deposition on the 11th after all, as she wanted to go to a family reunion. Thereafter, we suggested a number of dates in September but, as a result of accommodating your and your client's schedules, were not ultimately able to proceed with the first session of Ms. Souza's deposition until October 1st. Accordingly, any statements that the defendant has somehow delayed the plaintiff's deposition are ridiculous.

Second, I can only repeat that your client's actual deposition demeanor, of which there is a videotaped record, has varied significantly from the loyal but nonetheless removed observations of Ms. Esposito. Ms. Souza has consistently appeared confident, aggressive, and even confrontational. As the videotape would also reflect, throughout Ms. Souza's testimony and your numerous and lengthy speaking objections, I was about as calm, patient and non-threatening as an examiner could be. In view of Ms. Souza's forceful demeanor, the numerous accommodations to which I referred in my October 14th letter, and the projected length of the remaining direct exam (forty-five minutes), I simply cannot believe, quite frankly, that Ms. Souza



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

# ROBINSON & COLE LLP

Eugene Axelrod, Esq.
October 15, 2003
Page 2

would have been incapable of proceeding as scheduled today for the conclusion of her own deposition, in the case that she filed.

Third, while you continue to refer to your "schedule," the defendant remains uninformed, one week and three of your letters later, of any specific commitment that precluded your attending the conclusion of your client's deposition on either October 14th or 15th. This is most curious, as it would seem natural in these circumstances to offer those specifics.

Fourth, the accusation that the defendant has waited "until the eleventh hour to bring forth a plethora of previously unknown e-mails" rings hollow indeed. Every single e-mail that I marked as an exhibit during the first two sessions of Ms. Souza's deposition was produced to your office weeks and even months prior to the beginning of the deposition. You and your client had ample time and opportunity to review and prepare as to all of the exhibits on which she was questioned. In fact, you will note that many of the e-mail exhibits that I used were introduced by you in the plaintiff's depositions of the defendant's witnesses, which began in May.

Fifth, while you continue to withhold any specifics as to your unavailability on the 14th and 15th, you also continue to state that you were available and that I could have taken your client's deposition this past Monday, October 13th. One has to wonder how Ms. Souza would have been able, apparently, to testify on October 13th and yet was somehow incapable of testifying on the 14th or 15th.

The fact remains that, without any basis in the Federal Rules and without any leave of the court, you and your client, the plaintiff in this action, have elected to ignore a clear and duly served notice of deposition and have purposely failed to be present for the continuation and conclusion of Ms. Souza's testimony. You did not call or e-mail me yesterday, nor did you file with the court any motion of which I am aware as of this writing. Your response in lieu of attendance was limited to a letter that was faxed to my office shortly before 7:00 p.m. last night, well after normal business hours. Even that letter, which I saw for the first time upon arriving at work this morning, failed to state expressly that you and your client would not attend today's scheduled session. The court reporter, my client, and I were all here and prepared to begin at 10:00 a.m. After waiting more than twenty minutes, we went on the record, marked as exhibits the various letters of the parties, and stated the defendant's objections to the plaintiff's flouting of the deposition notice and the Federal Rules.



# ROBINSON & COLE LLP

Eugene Axelrod, Esq.
October 15, 2003
Page 3

In these circumstances, the defendant is entitled to an award of costs. While today marks the end of the discovery period, the defendant reserves all rights to move for such an award.

Finally, at the beginning of Ms. Souza's deposition, you requested that your office be given at least two days of notice prior to Mr. Domin's copying of the videotape of the deposition. This is to let you know – one full week ahead of time – that Mr. Domin intends to copy the tape next Wednesday, October 22nd, and Thursday, October 23rd. If you still want someone from your office to be present during the copying, I suggest that such person contact Mr. Domin directly next Monday or Tuesday at 860-541-2678 to coordinate a visit. As I stated at the outset of the deposition, if no one from your office is here as of when Mr. Domin is ready to begin the copying, he will proceed on his own and continue with the protocol that we have outlined previously.

Very truly yours,

David A. Kulle

lcz

cc:     Erin O'Brien Choquette
        Edward Miller, Esq.
        Ron Domin



# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LORI SOUZA | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:02CV 1067(RNC) |
| v. | : | |
| | : | |
| BOEHRINGER INGELHEIM | : | |
| PHARMACEUTICALS, INC. | : | |
| | : | |
| DEFENDANTS. | : | June 25, 2003 |
| | : | |

**DEFENDANT'S SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S FIRST SET OF
REQUESTS FOR PRODUCTION**

The defendant, Boehringer Ingelheim Pharmaceuticals, Inc ("BIPI"), hereby supplements

its response to Plaintiff's First Set of Requests for Production, dated December 10, 2002.

**REQUEST FOR PRODUCTION 1.**

Any and all documents, letters, e-mail or tangible item relating or concerning

Interrogatory No. 7.

**RESPONSE: Without waiving and subject to the objection presented in the defendant's
response to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories, dated February
12, 2003, the defendant hereby supplements its response to this Request for Production by
producing the email print-outs and copies of hand-written notes, attached herewith.**

**REQUEST FOR PRODUCTION 29.**

Any and all documents, letters, e-mail or tangible item relating or concerning

Interrogatory No. 17.

**RESPONSE: Without waiving and subject to the objection presented in the defendant's
response to Interrogatory No. 17 of Plaintiff's First Set of Interrogatories, dated February
12, 2003, the defendant will supplement its response to this Request for Production by**

producing copies of the applicable Directors & Officers Liability Policy and its
Employment Practices Liability Policy, which will be forwarded to the plaintiff shortly.


                              DEFENDANT
                              BOEHRINGER INGELHEIM
                              PHARMACEUTICALS, INC.


                         By _____
                              David A. Kulle (ct 00333)
                              Erin K. O'Brien (ct18585)
                              Robinson & Cole LLP
                              280 Trumbull Street
                              Hartford, CT 06103-3597
                              Tel. No.: (860) 275-8200
                              Fax: (860)275-8299


                    **CERTIFICATION**

        This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid,

this 25th day of June, 2003, to:

Eugene N. Axelrod
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525


                         _____
                         Erin K. O'Brien


                              2

# ROBINSON & COLE LLP

ERIN O'BRIEN CHOQUETTE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
eobrien@rc.com
Direct (860) 275-8291

August 25, 2003

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:  **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
     **Case No.:  3:02CV 1067 (RNC)**

Dear Attorney Axelrod:

Enclosed please find defendant's supplemental production response regarding
Request for Production 1.  I believe that the four emails produced with this
supplemental response are already in your possession.  In order to avoid any
confusion regarding this issue, however, I am providing you with BIPI's formal
discovery response.

Sincerely,

Erin O'Brien Choquette

cc:     David A. Kulle, Esq.



*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORI SOUZA                                    :        CIVIL ACTION NO.
                                              :        3:02CV 1067(RNC)
      PLAINTIFF,                              :
v.                                            :
                                              :
BOEHRINGER INGELHEIM                          :
PHARMACEUTICALS, INC.                         :
                                              :
      DEFENDANTS.                             :        August 25, 2003
                                              :

## DEFENDANT'S SUPPLEMENTAL RESPONSES
## TO PLAINTIFF'S FIRST SET OF
## <u>REQUESTS FOR PRODUCTION</u>

The defendant, Boehringer Ingelheim Pharmaceuticals, Inc ("BIPI"), hereby supplements

its response to Plaintiff's First Set of Requests for Production, dated December 10, 2002.

**REQUEST FOR PRODUCTION 1.**

Any and all documents, letters, e-mail or tangible item relating or concerning

Interrogatory No. 7.

**RESPONSE: Without waiving and subject to the objection presented in the defendant's
response to Interrogatory No. 7 of Plaintiff's First Set of Interrogatories, dated February
12, 2003, the defendant hereby supplements its response to this Request for Production by
producing the email print-outs.**

DEFENDANT
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

By _____

David A. Kulle (ct 00333)
Erin O'Brien Choquette (ct18585)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860)275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid,

this 25th day of August, 2003, to:

Eugene N. Axelrod
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

_____
Erin O'Brien Choquette

2

# ROBINSON & COLE LLP

ERIN O'BRIEN CHOQUETTE

280 Trumbull Street
Hartford, CT 06103-3597
Main (860) 275-8200
Fax (860) 275-8299
eobrien@rc.com
Direct (860) 275-8291

September 12, 2003

Eugene N. Axelrod, Esq.
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

Re:    **Lori Souza v. Boehringer Ingelheim Pharmaceuticals, Inc.**
       **Case No.:  3:02CV 1067 (RNC)**

Dear Attorney Axelrod:

Enclosed please find defendant's supplemental production response regarding
Request for Production 1.  The documents constituting the supplemental production
had been deleted from BIPI's files in the ordinary course of business, but were
recently located and retrieved by BIPI from hard drives which had been used by Ms.
Souza and Ms. Feidler.  Please be aware that in order to access these documents,
Karen Dibble, a paralegal at BIPI, had to print them out from her computer.  That is
the only reason that her name appears on the printouts.

I believe that you may already possess versions of many of the emails hereby
produced, but, in order to avoid any confusion regarding this issue, I am providing
you with BIPI's formal discovery response.

Sincerely,

*Eri Choquette*

Erin O'Brien Choquette

cc:    David A. Kulle, Esq.

*Law Offices*

BOSTON

HARTFORD

NEW LONDON

STAMFORD

GREENWICH

NEW YORK

*www.rc.com*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LORI SOUZA                               :    CIVIL ACTION NO.
        PLAINTIFF,              :    3:02CV 1067(RNC)
v.                                       :
                                         :
BOEHRINGER INGELHEIM                     :
PHARMACEUTICALS, INC.                    :
                                         :
       DEFENDANTS.             :    September 12, 2003
                                         :

## DEFENDANT'S SUPPLEMENTAL RESPONSES
## TO PLAINTIFF'S FIRST SET OF
## REQUESTS FOR PRODUCTION

The defendant, Boehringer Ingelheim Pharmaceuticals, Inc ("BIPI"), hereby supplements

its response to Plaintiff's First Set of Requests for Production, dated December 10, 2002.

**REQUEST FOR PRODUCTION 1.**

Please produce all documents relating to the Plaintiff's employment with Defendant,

including but not limited to, correspondence received by Plaintiff from Defendant, Plaintiff's

performance evaluations and all documents relating to the cessation of Plaintiff's employment

with Defendant.

**RESPONSE: The defendant objects to this Request for Production on the grounds that it
is overbroad, vague and unduly burdensome. Notwithstanding the foregoing objection and
without waiving the same, documents responsive to the Production Request are attached at
Tab A.**

**RESPONSE: Without waiving and subject to the objection presented in the defendant's
response to Request 1 of Plaintiff's First Set of Request for Production, the defendant
hereby supplements its response to this Request for Production by producing the attached
documents.**

DEFENDANT
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.


By _____
David A. Kulle (ct 00333)
Erin O'Brien Choquette (ct18585)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax: (860)275-8299

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid,

this 12th day of September, 2003, to:

Eugene N. Axelrod
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525


_____
Erin O'Brien Choquette

2