UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Nov 25  12 21 PM '03

| | | |
|---|---|---|
| LORI SOUZA<br>Plaintiff | : | |
| | : | CIVIL CASE NO.<br>3:02CV1067(MRK) |
| v. | : | |
| | : | |
| BOEHRINGER INGELHEIM<br>PHARMACEUTICALS, INC<br>Defendant | : | November 24, 2003 |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

Plaintiff Lori Souza, by and through her attorney Eugene N. Axelrod, Esq. of the Employment Law Group, LLC, hereby submits this Response to Defendant's Opposition to Plaintiff's Motion for Enlargement of Time.

**I.   Background**

This action arises from a multi-count complaint filed by Plaintiff Lori Souza against Defendant Boehringer Ingelheim Pharmaceuticals, Inc in its capacity as her former employer. The complaint alleges violations of Title VII of the Civil Rights Act 42 U.S.C. §2000e et seq. and Connecticut common law claims.

The parties submitted a Fed. R. Civ. P. 26(f) report to the Court on September 27, 2002, in which both parties agreed to a discovery schedule with the date of September 15, 2003 set for completion of all discovery including depositions. The Plaintiff complied with the 26(f) report, completing the depositions of five witnesses by the deadline of September 15, 2003. In the meantime, the Defendant had approximately 12 months to conduct depositions and instead failed in their due diligence to follow the discovery

1

schedule necessitating the need for the Defendant to file an extension of time to complete discovery.

The Defendant did not depose the Plaintiff until October 1, 2003 and again on October 8, 2003. During the course of Plaintiff's deposition questions and documents produced, it became apparent that the testimony of Andree Budd, a fellow employee in the same department as the Plaintiff, during the relevant time period and was privy to Adrienne Fiedler's improper and outrageous conduct toward the Plaintiff, other employees and the general conduct was a necessary deponent. Again as a result of the selective questioning, the Plaintiff informed the Defendant that an extension of the discovery period would be necessary in order to depose Andree Budd and obtain more detailed records of Plaintiff's complaints from Human Resources concerning Ms. Fiedler's conduct in light of the record being created.

Although the Plaintiff was deposed for two days, the Defendant did not complete their questioning and accordingly counsel for the Plaintiff was unable to cross-examine the Plaintiff. Previously, the Plaintiff agreed to conduct oral deposition on October 13, 2003, Columbus Day, in order to proceed with the deposition of the Plaintiff even though the Plaintiff's law firm was closed that day. However, the Defendant refused even though his office was open to staff and attorneys on the ground he would be required to use a different in house videographer than had previously recorded the deposition even though the Plaintiff had no objection to an alternative videographer and the Plaintiff already obtained childcare. (Exhibit A) Counsel for the Defendant then restricted the Plaintiff to holding the deposition dates only to October 14th or 15th even though he previously knew that the Plaintiff's attorney could not attend either of those dates due to

2

prior appointments including a settlement conference before Magistrate Judge William Garfinklel. (Exhibit B)

Knowing that the deposition could not be completed by the October 15th deadline due to the Defendant's delay, the Plaintiff proposed a thirty-day enlargement of time. The Defendant having previously received an extension in order to depose the Plaintiff, now objects to any enlargement of time to allow the Plaintiff to complete her deposition or her attorney to cross-examine her.

In addition to delaying the deposition of the Plaintiff until after the initial discovery deadline, the Defendant intentionally delayed the production of requested e-mails. The Plaintiff requested these e-mails in Plaintiff's First Set of Interrogatories and Request for Production dated December 10, 2002. After searching and inventorying the Plaintiff's file, counsel has discovered that only twenty-three (23) out of the thirty-eight (38) emails used at the Plaintiff's deposition were produced to the Plaintiff's attorney. In addition, the majority of the e-mails, seventeen (17), were not produced until September 12, 2003, nine months after the initial request, along with approximately one hundred other e-mails. These e-mails were not delivered until after September 11, 2003, the original date for the Plaintiff to have her deposition taken.

## II. Defendant was fully aware that the Plaintiff would be requesting an enlargement of time.

The Plaintiff was not deposed by the Defendant until October 1, 2003 which continued but did not conclude on October 8, 2003. The Defendant stated that it knew that the court-mandated deadline for completion of discovery after extension at their request was October 15, 2003. As a result of the Defendant's delay in deposing the Plaintiff, the Plaintiff's own documented and known fragile emotional state and the

3

additional need to depose Andree Budd, counsel for the Plaintiff recommended to the Defendant's attorney that the discovery period be extended. Throughout the final week of the discovery period, the Plaintiff's attorney stated to counsel for the Defendant that the existing rate of deposition would render it necessary to file a motion to extend the discovery period, but counsel for the Defendant refused to agree on an extension. Counsel for the Defendant was placed on notice that a motion would be filed and was invited to join with the Plaintiff in making the motion. Attorney Axelrod, in his written correspondence to the Defendant's attorney, stated that he wished to cross-examine the Plaintiff as is his right according to Fed. R. Civ. P. 30(c), which states "examination and cross-examination of witnesses may proceed as permitted at trial."(Exhibits A and C) Defendant's refusal to agree on an enlargement of time has denied Plaintiff's counsel the right to cross-examine the Plaintiff at her deposition.

### III. The Defendant's intentional delay of the deposing the Plaintiff until the end of the Discovery period prejudiced the Plaintiff.

The Defendant in a massive lack of diligence waited twelve months, until the end of the discovery period before scheduling the Plaintiff for deposition. The deposition of the Plaintiff was originally scheduled for September 11, 2003, only four days before the end of the discovery period. At this time the Defendant requested an extension of the Discovery period from the Plaintiff, to which the Plaintiff did not object. If the extension was not requested and the deposition occurred as scheduled on September 11, 2003, then the deposition most likely would not have concluded before the original discovery deadline. The Defendant cannot now in good faith or clean hands fault the Plaintiff for being unable to complete their deposition when it was the Defendant that waited twelve months to schedule the deposition.

4

The Defendant blames the Plaintiff's attorney for being unable to agree on a date for completion of the Plaintiff's deposition. Both sides agreed that October 13, 2003 would be reserved to conclude Plaintiff's deposition. In fact, counsel for the Plaintiff agreed to that date even though his office would be closed for Columbus Day. On October 8, 2003, the second day of the Plaintiff's deposition, counsel for the Defendant informed the Plaintiff's attorney that the Plaintiff's deposition could not be concluded on October 13th because one of their in house videographer would not be available and counsel for the Defendant would not use a different in house videographer. (Exhibit A) Counsel for the Defendant gave the Plaintiff the option of concluding the deposition only on October 14th or 15th even though he previously knew that the Plaintiff's attorney could not attend either of those dates due to prior appointments including a settlement conference before Magistrate Judge William Garfinklel. (Exhibit B)

Counsel for the Defendant intentionally delayed the Plaintiff's deposition until the end of the discovery period and now blames the Plaintiff for their lack of diligence in completing depositions. The Defendant had twelve months in which to depose the Plaintiff but instead waited until the final weeks to take her deposition and restricted the dates to complete the deposition that they knew the Plaintiff's attorney has already communicated were unavailable. The ostensible claim by the Defendant that the Plaintiff is responsible for not being able to complete the Plaintiff's deposition is disingenuous ignoring the absence of diligence by the Defendant.

## IV. The Defendant's decision to depose the Plaintiff in the final weeks of the discovery period deprived the Plaintiff of the right to conduct full discovery.

As a result of the Defendant's refusal to conclude deposing the Plaintiff, counsel for the Plaintiff was unable to conduct cross-examination of the Plaintiff during the

deposition, as is his right under Fed. R. Civ. P. 30(c). The Defendant claims that Attorney Axelrod has had two years to elicit from the Plaintiff whatever information he needs. The Federal Rules of Civil Procedure, however, give Attorney Axelrod the right to cross-examine the Plaintiff and have her testimony entered into the record just as permitted at trial.

The Defendant also claims that the Plaintiff had the opportunity to depose Andree Budd before the Plaintiff's deposition. However their argument is disingenuous, prior to the deposition of the Plaintiff it was not known that it would be necessary to depose Ms. Budd. A common result of deposition is that the information and exhibits adduced then impel the necessity to depose an additional witness. Only after the Defendant's deposition of the Plaintiff did the Plaintiff determine the necessity to seek the deposition of Andree Budd. However, as a result of the Defendant's intentional delay in deposing the Plaintiff, there was no time left within the discovery period for the Plaintiff to depose Ms. Budd.

**V.    The Defendant did not provide the Plaintiff with complete discovery in a timely fashion.**

The Defendant claims that "every single email that was used at the plaintiff's deposition had been produced to the plaintiff's attorney weeks and months before the plaintiff's deposition." After searching and inventorying the Plaintiff's file, counsel has discovered that only twenty-three (23) out of the thirty-eight (38) e-mails used at the Plaintiff's deposition were produced to the Plaintiff's attorney. In addition, the majority of the e-mails, seventeen (17), were not produced until September 12, 2003, nine months after the initial request, along with approximately one hundred other e-mails, not weeks and months earlier as claimed by the Defendant. These e-mails were not delivered until

6

after September 11, 2003, the original date for the Plaintiff to have her deposition taken. The deliberate delay in producing the e-mails is part of the Defendant's continuing pattern of lack of diligence in pursuing and producing discovery.

**VI.     The Defendant has cited no case law from this District or any other District in the United States to support their contentions.**

As shown in the Plaintiff's original motion, the courts allow for extensions of the discovery period upon a showing of good cause. The Defendant has not cited any case law or authority that disputes the Plaintiff's arguments. The Defendant's cumulative action during the discovery period creates a showing of good cause to grant the Plaintiff's motion for extension of time to complete discovery.

Respectfully Submitted,
The Plaintiff
Lori Souza

By:_____
Eugene N. Axelrod, Esq.
The Employment Law Group, LLC
8 Lunar Drive
Woodbridge CT 06525
Tel: (203) 389-6526
Fax: (203) 389-2656
Fed. Bar. No. ct 00309

## **CERTIFICATION**

This is to certify that a copy of the foregoing was sent first class, postage pre-paid this 24 day of November to the following counsel of record:

David A. Kulle, Esq.
Robinson & Cole, LLP
280 Trumbull Street
Hartford CT
06103-3597

_____
Eugene N. Axelrod

8